```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

| | |
|---|---|
| Mary F. Chapman,               : | |
|     Plaintiff,           : | |
|                              : | |
|    v.                         : | File No. 1:03-CV-146 |
|                              : | |
| Jo Anne B. Barnhart,           : | |
| Commissioner of Social         : | |
| Security,                      : | |
|     Defendant.          : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 16)

Plaintiff Mary Chapman brings this action for judicial review of a final decision denying benefits under the Social Security Act.  Chapman is not currently represented by counsel, and has failed to file a notice of *pro se* appearance as ordered by the Court on August 30, 2005.  The Commissioner has moved to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) (Paper 16).  For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, and that this case be DISMISSED without prejudice.

## Factual and Procedural Background

Chapman initiated this case, through counsel, in May, 2003.  (Paper 1).  On July 28, 2003, the Commissioner filed a Motion for Voluntary Remand.  (Paper 8).  Chapman subsequently informed the Court that she did

not oppose the motion, and the case was remanded for further action due to an inaudible tape recording in the hearing below.  (Paper 9).  While the case was on remand, Chapman's attorney moved to withdraw.  (Paper 12).  In her motion to withdraw, counsel explained that representation of Chapman had "resulted in an unreasonable financial burden and had been rendered unreasonably difficult by the client."  Id.

On August 3, 2005, the Commissioner filed her answer and a copy of the administrative record.  On August 30, 2005, the Court granted Chapman's attorney's motion to withdraw, and ordered Chapman to file a notice of *pro se* appearance or notice of attorney appearance within 30 days.  The order was returned as undeliverable.  The Office of the Clerk of Court subsequently contacted Chapman's former attorney and counsel for the Commissioner, neither of whom could provide an updated address for Chapman.  To date, Chapman has not informed the Court of her present address, and has failed to enter an appearance *pro se* or with counsel.

## Discussion

The Commissioner has moved for dismissal without

prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 41(b) permits dismissal based upon a plaintiff's failure to prosecute the action or comply with a court order.  As the Supreme Court has noted, the rule "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).  This necessity, however, is tempered by the courts' strong interest in allowing plaintiffs the ability to have their claims tried on the merits.  Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001); Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits.").

   With these competing interests in mind, the Second Circuit has expressed five factors for consideration when determining whether to dismiss the complaint: (1) the duration of the plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) striking a balance

between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether less drastic sanctions are available.  See Alvarez v. Simmons Market Res. Bureau, 839 F.2d 930, 932 (2d Cir. 1988) (quoting Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983)).  No single factor is dispositive. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999).

 Here, Chapman has failed to maintain contact with the Court, and has failed to take any action whatsoever since her attorney's withdrawal.  The Commissioner filed her answer over four months ago, and pursuant to Local Rule 7.1(d)(2), Chapman was required to file a motion for relief within 60 days after the filings of the answer. No such motion has been filed.  Chapman is also two months beyond the Court-imposed deadline for filing an appearance either *pro se* or with counsel.

 Rule 41(b) states that involuntary dismissal acts as an adjudication on the merits unless otherwise specified in the Court's order.  In light of the five factors set forth above, and the need to balance court efficiency

with the plaintiff's interest in having the merits of her claims adjudicated, a dismissal operating as an adjudication on the merits would be unduly harsh. Although Chapman has failed to remain in contact with the Court, the resulting delay has been relatively short, and has caused little discernable prejudice to the Commissioner.  Indeed, the Commissioner's motion asks only for dismissal without prejudice.  I therefore recommend that this case be DISMISSED without prejudice, and that the Court state in its order that the dismissal does not operate as an adjudication upon the merits.

## Conclusion

For the reasons set forth above, I recommend that the Commissioner's motion to dismiss (Paper 16) be GRANTED, and that this case be DISMISSED without prejudice with a statement that dismissal does not operate as an adjudication upon the merits.

Dated at Burlington, in the District of Vermont, this 7th day of December, 2005.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).